UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH OVERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-1505-AGF |
| | ) |
| COLLEEN DOLAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kenneth Overton for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**Background**

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 to vindicate violations of his First, Fifth, and Fourteenth Amendment rights. In his original complaint, he named Missouri Court of Appeals judges Colleen Dolan, Mark K. Hoff, Lisa S. Van Amburg, Lisa Page, Robert G. Dowd, Jr., Lawrence E. Mooney, Sherri B. Sullivan, Roy L. Richter, Kurt S. Odenwald, Gary M. Gaertner, Robert M. Clayton, III, Angela Turner Quigless, Philip M. Hess, and James M. Dowd. Plaintiff subsequently filed an amended complaint in which he specifically named "Colleen Dolan, et al." as defendants, and thereafter made reference to "the defendants." The Court liberally construes the amended complaint as brought against the same defendants as were named in the original complaint. Plaintiff also writes: "[a]dditional Defendants are the current judges of the Missouri Supreme Court." (Docket No. 6 at 2). Plaintiff states he sues the

defendants in their individual and official capacities as judges of the Missouri Court of Appeals for the Eastern District of Missouri.

According to Missouri Case.net, the State of Missouri's online docketing system, on May 24, 1999, a jury convicted plaintiff of one count of attempted statutory rape in the first degree, and one count of attempted statutory sodomy in the first degree. *State v. Kenneth D. Overton,* No. 11R019802533-01 (11th Jud. Cir. 1999). On August 6, 1999, he was sentenced to serve five years imprisonment for each count, with the sentences to run consecutively.

In the amended complaint, plaintiff describes in detail his efforts to seek direct and collateral review of his convictions and sentences. Condensed and summarized, plaintiff alleges as follows. In 2000, both his direct appeal and his motion for post-conviction relief were dismissed as untimely. Approximately seventeen years later, on June 27, 2017, plaintiff filed a *pro se* motion for post-conviction relief due to abandonment, asserting that the state public defender's office had abandoned him on both direct appeal and collateral appeal. On August 4, 2017, the motion court denied the motion on its merits, and plaintiff appealed. He argued, *inter alia*, that the motion court failed to follow *State v. Turner,* 972 S.W.2d 438 (Mo. App. E.D. 1997).[1] However, the court of appeals judges misconstrued plaintiff's arguments, and did not reverse the motion court for failing to follow *Turner*. Instead, they held that plaintiff did not

---

[1] In the amended complaint, plaintiff argues that *Turner* held that "one filing a direct appeal from a criminal judgment that is later dismissed as 'untimely' has 90 days to file a collateral appeal under Mo.S.Ct.Rule 29.15 to challenge the ineffectiveness of counsel on such direct appeal." (Docket No. 6 at 5). However, plaintiff mischaracterizes the *Turner* holding. There, defendant Turner sought and was granted leave to file a late notice of appeal to seek direct review of his convictions and sentences. However, the court later dismissed Turner's appeal because he failed to follow rules governing filing a record on appeal. Approximately eight months after the court issued its mandate, Turner filed a motion to recall the mandate, arguing that his attorney was ineffective. In denying Turner relief, the Missouri Court of Appeals held that the argument Turner sought to raise must be raised in a Rule 29.15 motion, and that such a motion must be filed within 90 days of the issuance of the mandate. In the case at bar, unlike in *Turner,* plaintiff was not granted leave to file a late notice of appeal. Instead, his appeal was dismissed as untimely.

have 90 days after the issuance of the direct appeal mandate to seek collateral relief. Plaintiff claims the court of appeals judges treated him differently from the defendant in *Turner*. He also states that the judges of the Missouri Supreme Court promulgated Rule 29.15.

For his prayer for relief, plaintiff seeks this Court's declaration that: (1) Missouri Supreme Court Rule 29.15 is unconstitutional because those with counsel who perfect a timely direct appeal have a 90-day period to seek collateral review, but those without counsel do not; (2) plaintiff was denied his rights of access to the courts, to equal treatment, and due process when he was denied a 90-day time period to file his collateral appeal; and (3) the court of appeals judges acted unconstitutionally when they misconstrued his claims. Plaintiff also seeks attorney's fees and costs.

## Discussion

Lower federal courts lack jurisdiction to engage in appellate review of state court determinations. *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). The *Rooker-Feldman* doctrine[2] recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision").

The *Rooker/Feldman* doctrine forecloses both straightforward appeals, and indirect attempts by federal plaintiffs to undermine state court decisions. Impermissible appellate review

---
[2]*See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

occurs when a lower federal court entertains claims that are "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 482 n. 16; *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990). The federal claims are inextricably intertwined with the state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Keene*, 908 F.2d at 296 (internal citations omitted). The state and federal claims need not be identical for the doctrine to bar the federal claims. *See Goetzman*, 91 F.3d at 1177.

Here, plaintiff attempts to use § 1983 as a platform for his claims. However, *Rooker-Feldman* "derives from the prohibition on federal appellate review of state court proceedings, and cases interpreting the doctrine make it clear that a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997) (citing *Keene Corp.*, 908 F.2d at 297); *see also Feldman*, 460 U.S. at 486 (lower federal courts lack jurisdiction "over challenges to state court decisions ... even if those challenges allege that the state court's action was unconstitutional."). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding.

The *Rooker-Feldman* doctrine is clearly applicable here. Plaintiff, who did not prevail in state court, filed this action complaining of injuries caused by a Missouri Court of Appeals judgment that was rendered before he filed his federal complaint, and he asserts the state court was wrong, and violated his constitutional rights, when it decided as it did. Plaintiff's claims succeed only to the extent the state court was wrong, and granting him the relief he seeks would effectively reverse or undermine the state court's decision or void its ruling. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the

4

state-court judgment." *Keene Corp.*, 908 F.2d at 296-97 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Under these principles, the Court concludes that because the *Rooker-Feldman* doctrine divests it of jurisdiction over plaintiff's claims, this action must be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of November, 2018.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE